UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN ELECTRICAL RETIREMENT FUND, | ) ) ) |
| Plaintiff, | ) Civil Action No. ) ) |
| v. | ) ) |
| NUWAY ELECTRICAL SERVICES, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

1. Southern Electrical Retirement Fund (Plaintiff) files this complaint to obtain equitable and other relief requiring NuWay Electrical Services, Inc. (Defendant) to comply with 29 U.S.C. § 1145 of the Employee Retirement Income Security Act (ERISA) and policies of Plaintiff.

2. This action is brought and maintained in accordance with the provisions ERISA, 29 U.S.C. § 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, in particular 29 U.S.C. § 1145 (Section 515 of ERISA), and is a civil action to recover employer contributions owed to Plaintiff by Defendant. Jurisdiction is premised upon 29 U.S.C. § 1132(e)(1).

3. Venue is based on 29 U.S.C. § 1132(e)(2) as Plaintiff is an employee pension benefit plan as that term is defined in ERISA at 29 U.S.C. § 1002 (2), and in that Plaintiff is administered in this judicial district through Southern Benefit Administrators, Incorporated of Goodlettsville, Tennessee.

4. Plaintiff is primarily funded by contributions remitted by multiple participating employers pursuant to collective bargaining agreements. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing retirement benefits to participants and beneficiaries of the Plaintiff after paying administrative and other reasonable expenses.

5. Defendant is an employer and a party in interest as those terms are defined in ERISA at 29 U.S.C. §§ 1002(5) and 1002(14)(c).

6. During all pertinent times, Defendant was a party to a collective bargaining agreement with Local Union No. 175 of the International Brotherhood of Electrical Workers.

7. At all pertinent times, Defendant was party to a collective bargaining agreement. Pursuant to this agreement, Defendant is obligated to pay certain contributions to Plaintiff on behalf of covered employees. Pursuant to this agreement, Defendant was bound by the provisions of the trust agreement which created the Plaintiff, and Defendant was thereby obligated to pay contributions on behalf of employees covered by the collective bargaining agreement. The collective bargaining agreement and trust agreements require prompt payment of all such contributions, failing which a delinquent employer may be assessed with attorney's fees and other fees for late payment as permitted by law, plus interest on unpaid contributions.

8. Plaintiff operates on the basis of policies establishing an employer self-reporting payment system whereby participating employers such as Defendant identify those employees for whom contributions are owed, identify the weeks worked by the covered employees, and based upon employee work history reported, the employers make contributions and payments to the Plaintiff.

9. The policies of Plaintiff authorize the entry of a judgment against an employer for contributions owed to include by mandate of the Court the greater of a doubling of the interest or liquidated damages based upon unpaid contributions in the amount of twenty percent (20%), all as allowed by 29 U.S.C. §§ 1132(g)(2)(C)(i) and (ii); and, provide for an audit of employers such as Defendant in the event of a failure to submit accurate payroll reports. The policies and trust agreements reserve to Plaintiff a discretionary right to determine all questions concerning an audit or the accuracy of payroll reports and payments.

10. Defendant filed payroll reports and payments with inaccurate and deficient information.

11. As a result of this action and inaction by Defendant, Plaintiff initiated an audit of the books and records of Defendant, and the audit findings were provided to Defendant for comment. Defendant did not dispute the audit findings, and Plaintiff adopted the audit findings as a final and binding decision.

12. Defendant owes Plaintiff a sum in excess of $3,500.00 representing unpaid contributions which are due under the terms of 29 U.S.C. § 1145 and the audit.

13. Section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, adding Section 515 of ERISA, 29 U.S.C. § 1145, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collective bargaining agreement shall, to the extent not inconsistent with law, make contributions in accordance with the terms and conditions of such plan or such agreement.

14. Defendant has breached the above-referenced provisions of ERISA, the collective bargaining agreement, the trust agreements whereby Plaintiff was created and operates, and the

policies of Plaintiff, such breach occurring by virtue of failing to pay all of the contributions and interest due which the employee work history for employees indicates were due under the audit and decision of Plaintiff.

15. The failure of Defendant to pay contributions on behalf of its employees will cause Plaintiff to suffer irreparable harm; further, employer delinquencies such as those of Defendant adversely affect and impact upon the financial integrity of the Plaintiff, and the continued delinquency will cause Plaintiff to lose the benefit of interest income that would otherwise be earned and will cause Plaintiff to incur additional administrative expenses in connection with the remedying of the delinquencies of Defendant.

16. Copies of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail in accordance with the provisions of 29 U.S.C. § 1132(h).

WHEREFORE, Plaintiff prays the Court enter an Order granting appropriate relief requiring Defendant to comply with 29 U.S.C. § 1145, and for a judgment against Defendant under 29 U.S.C. § 1132(g)(2), and for such other relief as may be appropriate under the circumstances.

Respectfully submitted,

s/R. Jan Jennings
R. Jan Jennings, BPR No. 1536
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN   37201-1631
Tel.:   (615) 254-8801
Email:   jan@branstetterlaw.com